UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAJI KITCHEN,

Plaintiff,

v.

C. BROUSSARD, et al.,

Defendants.

CASE NO. 1:20-cv-0155 JLT (PC)

**ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE; AND**

**FINDINGS AND RECOMMENDATIONS TO DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND (Doc. 1)**

**FOURTEEN-DAY DEADLINE**

Plaintiff has filed a complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff brings this action against Ms. C. Broussard, a corrections case records manager at California City Correctional Facility; Mr. B. Hedrick, CCCF Chief Deputy Warden; the "CAC Case Records Office" at CCCF ("staff, assistant and employees"); and T. Bernard, appeals examiner at the CDCR Office of Appeals in Sacramento, California. Plaintiff seeks declaratory relief and damages. Plaintiff's allegations may be fairly summarized as follows:

Documents attached to the complaint reveal that plaintiff, a Second Stiker, pled guilty and was sentenced on February 9, 2017, to a 12-year term on three counts: assault with a semiautomatic (the primary count), possession of a firearm by a felon, and unlawful possession of ammunition. Plaintiff was sentenced to six years on the primary count, a concurrent term of 2 years for each of the remaining counts, and 6 years for two enhancements.

On May 2, 2019, plaintiff submitted a request for the CAC Case Records Office at CCCF to provide him with a "credit computation hearing." This request went unanswered. On May 30, 2019, plaintiff sought a nonviolent parole review consideration because, at the time, he had served approximately 80% of his sentence, which he claims made him eligible for early release in light of California Proposition 57 and subsequent case law.[1]

Defendants "CAC Records Office," Broussard, and B. Hedrick denied plaintiff's request for a nonviolent parole review because they construed the nature of plaintiff's primary commitment offense (assault with a semi-automatic) as violent, which they determined required plaintiff to serve 85% of his sentence before he could be eligible for release. Plaintiff appealed their decision and was denied by defendants Hedrick and Bernard at the second level of review and at the Director's level of review, respectively.

Plaintiff contends that the defendants did not properly assess his commitment offense under state law and institutional regulations. Had they done so, plaintiff's request for a parole computation hearing would have been granted. As a result, plaintiff claims that his Eighth and Fourteenth Amendment rights have been violated.[2]

**III. Discussion**

**A. Petition for Writ of Habeas v. Civil Rights Complaint**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). Nettles further sets forth "the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id. That is, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other

---

[1] As discussed more fully infra, Proposition 57, The Public Safety and Rehabilitation Act of 2016 (eff. Nov. 8, 2016), provides for early parole consideration for certain California prisoners.

[2] The complaint does not specify how plaintiff's Eighth Amendment rights were violated.

aspect of prison life" are properly brought as civil rights actions. Id. at 934. If success on a habeas petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, is not cognizable under 28 U.S.C. § 2241. Id. at 935 (citing Skinner v. Switzer, 562 U.S. 521 (2012)).

At the outset, the Court finds that plaintiff's claims are properly brought in this civil rights action rather than in a petition for writ of habeas corpus. This is because a finding in plaintiff's favor, i.e., that he was wrongly found ineligible for parole consideration, would not necessarily impact the duration of his confinement. See Nettles, 830 F.3d at 934-35. In other words, even if plaintiff received an earlier parole consideration hearing under Proposition 57, this would not compel a grant of parole as plaintiff could still be found unsuitable based on reasons that have not been litigated here and are not evident from the existing record. Id. at 935 (noting that the parole board must consider "[a]ll relevant, reliable information" in determining parole suitability, and may deny parole "on the basis of any of the grounds presently available to it") (citations omitted).

**B. Failure to Comply with Institutional Regulations**

Plaintiff's claims are premised in part on the defendants' failure to comply with institutional regulations insofar as they relate to the processing of inmate requests. In general, the violation of state regulations does not rise to the level of a constitutional violation. See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989), overruled on other grounds, Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981). Therefore, in itself, a state employee's failure to follow state law does not state a claim under Section 1983.

**C. Processing of Inmate Appeal**

Plaintiff also premises his claims on the processing of his inmate appeal. The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under

Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

**D. Eighth Amendment Claim**

Plaintiff claims that defendants' denial of a parole consideration hearing violates his Eighth Amendment rights. Plaintiff cites no authority, nor is the Court aware of any, that the Eighth Amendment is implicated by the denial of a parole consideration hearing. Accordingly, Plaintiff fails to state an Eighth Amendment violation and the claim must be dismissed.

**E. Fourteenth Amendment Claim**

Plaintiff asserts that his due process rights were violated by the defendants' refusal to grant him a parole computation hearing, as he claims he is entitled to pursuant to Proposition 57. He argues, in essence, that the defendants failed to properly apply California law in determining his eligibility for a parole computation hearing.

"The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before [being] deprived of any significant protected interest." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (internal quotation marks and citations omitted). To state a due process claim, the Court "first ask[s] whether there exists a liberty or property interest of which a person has been deprived, and if so [it] ask[s] whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Due Process Clause itself does not provide any right "to be conditionally released before the expiration of a valid sentence." Id. at 220. However, when a state enacts a statutory scheme allowing for parole, the state creates a liberty interest and "the Due Process Clause requires fair procedures in its vindication." Id. State parole systems "may create liberty interests in parole release that are entitled to protection under the Due Process Clause." Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987) (citation omitted). As to parole specifically, whether a state's parole laws create a liberty

interest depends on whether the laws use “mandatory language (‘shall’)” that confers a “presumption” or “expectancy” – a “claim of entitlement.” See id. at 377-78; Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Miller v. Oregon Bd. of Parole & Post Prison Supervision, 642 F.3d 711, 714 (9th Cir. 2011); McQuillion v. Duncan, 306 F.3d 895, 901 (9th Cir. 2002).

Proposition 57, which was approved by California voters in November 2016, amended the California Constitution to allow nonviolent offenders to be “eligible for parole consideration after completing the full term for [their] primary offense[s].” Cal. Const. art. I, § 32(a)(1); Travers v. People of the State of California, 2018 WL 707546, at *2 (N.D. Cal. Feb. 5, 2018). The “full term for the primary offense” refers to “the longest term of imprisonment imposed ... for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.” Cal. Const., art. I, § 32(a)(1)(A). California cases addressing the application of Proposition 57 have “uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing.” Daniels v. Cal. Dep’t of Corr. and Rehab., 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). Thus, while Proposition 57 provides for expanded eligibility of parole for certain convicted felons, it “does not require or provide any mechanism for state law prisoners to be resentenced by the courts in which they were convicted.” Travers, 2018 WL 707546, at *3. Proposition 57 does not confer a presumption, expectancy, or claim of entitlement to parole, only to parole consideration.

Moreover, the Court declines to find that there is mandatory language in Proposition 57 creating a constitutionally protected liberty interest in parole eligibility. Parole consideration of an inmate who is eligible under Proposition 57 is discretionary and is a matter of state law. Plaintiff may not “transform a state-law issue into a federal one merely by asserting a violation of due process.” Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). The mere violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim under section 1983. In similar cases in which prisoners have filed Section 1983 complaints challenging the constitutionality of CDCR’s application of Proposition 57 to their cases,

federal courts have found that the prisoner-plaintiffs failed to allege a cognizable claim under § 1983 because the crux of their complaints concerned an alleged violation of state law. Ramos v. Spearman, 2:19-cv-1662-KJN, 2019 WL 4571943, at *2 (E.D. Cal. Sept. 20, 2019) (citing Russell v. Diaz, 2019 WL 2613592, at *3 (E.D. Cal. 2019); Herrera v. California State Superior Courts, 2018 WL 400320 (E.D. Cal. Jan. 12, 2018); Daniels v. Cal. Dep't of Corr. and Rehab., 2018 WL 489155 (E.D. Cal. 2018); Galen v. Cty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.")). Plaintiff's complaint fails for the same reason. Although it mentions Due Process, the crux of the complaint is that defendants' actions violated California law, not that they deprived plaintiff of due process or otherwise infringed his federal constitutional rights. Ramos, 2019 WL 4571943 at *2 (citing Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)).

For these reasons, the Court concludes that plaintiff fails to state a due process claim. The undersigned finds that further amendment in this case would be futile, persuaded as it is that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. Cal. Dep't of Corr. and Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.")

**IV. Conclusion**

Based on the foregoing, the Court **ORDERS** the Clerk of Court to assign a district judge to this case; and

The Court **RECOMMENDS** that the complaint be dismissed without leave to amend for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 27, 2020**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE